EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT, JOHN MCMAHON, (Continued . . .)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BIANCA PARKER, Individually, and as Personal Representative of the
Estate of Dante Parker, deceased, (Continued . . .)

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 0 2 2015

BY _Cassandra_____
CASSANDRA DELATORRE, DEPUTY
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>San Bernardino Superior Court -- San Bernardino District -- Civil Div.<br>247 W. Third Street, San Bernardino, California 92415 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVDS1501187 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark W. Eisenberg, Esq., SBN 160202, 8001 Irvine Center Drive, Suite 1170, Irvine, CA 92618

| DATE:<br>*(Fecha)* | FEB 0 2 2015 | Clerk, by<br>*(Secretario)* | CASSANDRA DELATORRE | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify):* County of San Bernardino

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* Public entity

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PARKER, et al. v. COUNTY OF SAN BERNARDINO, et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (*Check only one box. Use a separate page for each type of party.*):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

Plaintiffs Continued:

. . . DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER,

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PARKER, et al. v. COUNTY OF SAN BERNARDINO, et al. | |

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Defendants Continued:
. . . KRISTY IRWIN, and DOES 1 to 50, Inclusive,

Page __3__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— Mark W. Eisenberg, Esq., SBN 160202
EISENBERG LAW FIRM, APC
8001 Irvine Center Drive, Suite 1170
Irvine, California 92618
TELEPHONE NO.: 949.250.8000    FAX NO.: 949.250.8877
ATTORNEY FOR *(Name):* Plaintiffs, BIANCA PARKER, Individually, etc., et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: San Bernardino District -- Civil Division

CASE NAME:
PARKER, et al. v. COUNTY OF SAN BERNARDINO, et al.

FOR COURT USE ONLY

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JAN 2 8 2015

BY _____
*Marissa P. Quintero* , DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVDS1501187 |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
✓ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ✓ punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case ☐ is ✓ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 27, 2015

Mark W. Eisenberg, Esq.
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          CIVIL CASE COVER SHEET          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY F SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------
------------------------------------------------------------------
                               CASE NO: CIVDS1501187

  EISENBERG LAW FIRM
  8001 IRVINE CENTER DRIVE
  SUITE 1170
  IRVINE CA 92618
                       NOTICE OF TRIAL SETTING CONFERENCE
                        and NOTICE OF CASE ASSIGNMENT

IN RE: PARKER, ET AL -V- COUNTY OF SAN BERNARDINO,ET AL

THIS CASE HAS BEEN ASSIGNED TO: GILBERT  OCHOA IN DEPARTMENT S36
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 07/27/15 at  8:30 in Dept. S36


DATE: 01/28/15  Christina M. Volkers, Clerk of the Court
                                        By: MARTHA QUINTERO
------------------------------------------------------------------
------------------------------------------------------------------
                  CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✗) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/28/15
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/28/15 at San Bernardino, CA

                              BY: MARTHA QUINTERO

1  Mark W. Eisenberg, Esq., SBN 160202
   **EISENBERG LAW FIRM, APC**
2  8001 Irvine Center Drive, Suite 1170
   Irvine, California 92618
3  Telephone: (949) 250-8000
   Facsimile: (949) 250-8877
4  mwe@injuryresourcecenter.com

5  Attorneys for Plaintiffs, BIANCA PARKER, Individually, and as Personal Representative of the
   Estate of Dante Parker, deceased, DANTAZHA PARKER, a minor, BRITTANY PARKER, a
6  minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR.,
   a minor, by and through their Guardian ad Litem, BIANCA PARKER

7

8

9

10                      **SAN BERNARDINO SUPERIOR COURT**

11                  **SAN BERNARDINO DISTRICT – CIVIL DIVISION**

12                                                    CIVDS1501187
   BIANCA PARKER, Individually, and as    )  CASE NO.:
13 Personal Representative of the Estate of )
   Dante Parker, deceased, DANTAZHA       )
14 PARKER, a minor, BRITTANY PARKER, a )
   minor, TIERRA PARKER, a minor,          )  **COMPLAINT FOR WRONGFUL DEATH**
15 DEANNA PARKER, a minor, and DANTE  )  **AND SURVIVAL BASED UPON CIVIL**
   PARKER, JR., a minor, by and through their )  **RIGHTS VIOLATIONS (42 U.S.C. §1983)**
16 Guardian ad Litem, BIANCA PARKER,    )  **AND DEMAND FOR JURY TRIAL**
                                          )
17            Plaintiffs,                  )
                                          )
18       v.                                )
                                          )
19 COUNTY OF SAN BERNARDINO, SAN    )
   BERNARDINO COUNTY SHERIFF'S         )
20 DEPARTMENT, JOHN MCMAHON,          )
   KRISTY IRWIN, and DOES 1 to 50,       )
21 Inclusive,                             )
                                          )
22            Defendants.                  )
   _____)

23        COMES NOW, Plaintiffs, BIANCA PARKER, Individually, and as Personal

24 Representative of the Estate of Dante Parker, deceased, DANTAZHA PARKER, a minor,

25 BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor,

26 and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA

27 PARKER, and for causes of action against Defendants, COUNTY OF SAN BERNARDINO,

28 SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON, KRISTY

                                      1
                        Complaint and Demand for Jury

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JAN 2 8 2015

BY _____ , DEPUTY
   Martha L. Quintero

1  IRWIN, and DOES 1 to 50, and each of them, hereby complain, aver, and allege as follows:

2  **THE PARTIES**

3       1.      Plaintiff, BIANCA PARKER is the wife, a surviving heir, and Personal

4  Representative of the Estate of Dante Parker, deceased, who brings this survival and wrongful

5  death action pursuant to California *Code of Civil Procedure* §§377.30 and 377.60, which claims

6  are authorized pursuant to 42 U.S.C. §1983 as set forth hereinbelow.

7       2.      Plaintiffs, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor,

8  TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a

9  minor, who appear by and through their mother and Guardian ad Litem, BIANCA PARKER, are

10  Dante Parker's natural children and similarly surviving heirs, who bring this wrongful death

11  action pursuant to California *Code of Civil Procedure* § 377.60, which claims are authorized

12  pursuant to 42 U.S.C. §1983 as set forth hereinbelow.

13       3.      At all times herein mentioned, Plaintiffs, BIANCA PARKER, DANTAZHA

14  PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA

15  PARKER, a minor, and DANTE PARKER, JR., a minor, are individuals who were and are

16  residents of the County of San Bernardino, State of California.

17       4.      At all times relevant, Defendant, COUNTY OF SAN BERNARDINO was and is

18  a governmental entity and political subdivision of the State of California.

19       5.      At all times relevant, Defendant, SAN BERNARDINO COUNTY SHERIFF'S

20  DEPARTMENT was and is a governmental agency within the COUNTY OF SAN

21  BERNARDINO, a governmental entity and political subdivision of the State of California.

22       6.      At all times herein mentioned, Defendant, JOHN MCMAHON, was and is an

23  elected official, governmental employee, and the acting Sheriff for the COUNTY OF SAN

24  BERNARDINO.

25       7.      At all times herein mentioned, Defendant, KRISTY IRWIN, was a deputy and

26  employee of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and

27  whom Plaintiffs are informed and believe and thereon allege, at all times herein mentioned, was

28  acting under color of authority in her position as a deputy with Defendant, SAN BERNARDINO

2

Complaint and Demand for Jury

1    COUNTY SHERIFF'S DEPARTMENT.

2        8.      The true names and/or capacities, whether individual, corporate associate,

3    governmental or otherwise of Defendant, DOES 1 through 50, inclusive, and each of them, are

4    unknown to the Plaintiffs, who therefore sues said Defendants by such fictitious names. When

5    the true names and or capacities of said Defendants are ascertained, Plaintiffs will seek leave of

6    Court to amend the Complaint accordingly.

7        9.      Plaintiffs are informed and believe, and based thereupon allege, that each

8    Defendant designated herein as a DOE was responsible, negligently or in some other actionable

9    manner, for the events and happenings herein referred to which proximately caused the death of

10   their decedent, Dante Parker, and damages as hereinafter alleged, either through said their own

11   actions, inactions, policies, practices, procedures, etc. or through their conduct as agents,

12   servants, employees and/or representatives of the other named and unnamed Defendants hereto.

13       10.     Plaintiffs are informed and believe, and based thereupon allege, that at all times

14   mentioned herein the Defendants, and each of them, were the agents, servants, employees,

15   representatives and/or joint venturers of their co-Defendants and were, as such, acting within the

16   course, scope and authority of said agency, services, employment, representation and/or joint

17   venture in that each and every Defendant, as aforesaid when acting as principal, was negligent in

18   the selection and hiring of each and every other Defendant as an agent, servant, employee,

19   representative and/or joint venturer.

20       11.     Plaintiffs are further informed and believe, and based thereupon allege that at all

21   times mentioned herein each of the Defendants, including Defendant DOES 1 through 50, and

22   each of them, were the agents, servants, employees, representatives of each of the remaining

23   Defendants and were at all times material hereto acting within the authorized course and scope of

24   said agency, service, employment and/or representation, and/or that all of said acts, conduct and

25   omissions were subsequently ratified by their respective principals and the benefits thereof

26   accepted by such principals.

27   / / /

28   / / /

---

3

Complaint and Demand for Jury

## TIMELY FILING OF GOVERNMENTAL CLAIMS

12.     Plaintiffs have complied with the California Tort Claims Act, California *Government Code* §§ 905 and 910, et seq.  The governmental claim of Plaintiffs, BIANCA PARKER, Individually, and as Personal Representative of the Estate of Dante Parker, deceased, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER was timely served and presented on Defendants on October 22, 2014.  Defendants' rejected Plaintiffs' governmental claim on October 29, 2014. This action is commenced within 6-months thereof pursuant to California *Government Code* § 945.6.

## PERTINENT FACTUAL BACKGROUND

13.     Plaintiffs' decedent, Dante Parker, was a 36-year-old, approximate 5'10", 275 lbs. African-American male who resided with his family including wife, Plaintiff, BIANCA PARKER, and five (5) minor children, daughters, Plaintiffs, DANTAZHA PARKER, BRITTANY PARKER, TIERRA PARKER, DEANNA PARKER, and son, DANTE PARKER, JR., at 12429 Freeport Drive, Victorville, California.

14.     The ethnic make-up of the community in which the Parker family resided within the City of Victorville included Caucasians, African-Americans and, to a lesser extent, Latin-Americans.

15.     Prior to the events described herein, motivated, and acting on the encouragement of his wife, Plaintiff, BIANCA PARKER and co-workers at the Daily Press, Plaintiffs' decedent, Dante Parker embarked on an exercise regimen to lose weight that included, *inter alia*, riding his bicycle in his community on a daily or nearly daily basis.

16.     On Tuesday, August 12, 2014, Plaintiffs' decedent, Dante Parker was off-work.  He spent the morning and early afternoon hours in the company of his wife, Plaintiff, BIANCA PARKER during which time the two saw their children off to school and spent time together and in the company of other family members running family and household errands.

/ / /

4

Complaint and Demand for Jury

17.    At or shortly after 4:00 p.m., Plaintiffs' decedent, Dante Parker sought to go for his daily and/or near daily ride on his bicycle only to find his bicycle had a flat tire. Intent upon remaining true to his exercise regimen, Mr. Parker left the family residence upon his son, Plaintiff, DANTE PARKER, JR.'s bicycle. At the time, Mr. Parker had on his person effects in the form of a watch, bracelet and necklace and wallet containing his identification, credit cards and cash. Mr. Parker did not have any weapons, tools or other instrumentalities that could cause bodily injury, harm or death to another.

18.    As Plaintiffs' decedent, Dante Parker rode his son's bicycle on the streets within his community and while on or near Luna Road, he was stopped by San Bernardino County Sheriff's Deputy, Defendant, KRISTY IRWIN based upon a homeowner's report that a suspicious appearing black male tried to gain entry to her home.

19.    During this encounter with Plaintiffs' decedent, Dante Parker, Defendant, KRISTY IRWIN drew her taser gun and shot Mr. Parker with the same successfully applying electrical charges to his person. Defendant, KRISTY IRWIN continued thereafter to "tase" Mr. Parker repeatedly applying electrical charges to his person. During this time, additional, yet unidentified members of defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, including supervisory and non-supervisory personnel, arrived on scene. On arrival, at least one, if not more of these additional, still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT drew his/her/their own taser gun(s) and similarly shot Mr. Parker with the same and began, successfully, applying electrical charges to his person both independently and in concert with the electrical charges contemporaneously being applied by Defendant, KRISTY IRWIN.

20.    Based upon information and belief, Plaintiffs' decedent, Dante Parker was successfully "tasered" by Defendant, KRISTY IRWIN and at least one or more other, still unidentified members of defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, collectively, between 25 and 27 times until such time as he collapsed, incapacitated and overcome by the effect of the tasers. Thereafter, Mr. Parker was "hog-tied" by Defendant, KRISTY IRWIN and at least one or more other, still unidentified members of

1   defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT and left for an
2   undetermined period in a prone, face-down position, on the ground, in the area where tasered.

3         21.    At no time during the aforementioned described events was Plaintiffs' decedent,
4   Dante Parker found to have on his person, or otherwise in his possession, weapons, tools or other
5   instrumentalities that could cause bodily injury, harm or death to another.

6         22.    After some period during which Mr. Parker remained "hog-tied" lying face down
7   on the ground where tasered, all the while complaining of an inability to breathe and gasping for
8   air, Defendant, KRISTY IRWIN and at least one or more other, still unidentified members of
9   Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT carried Mr. Parker
10  from his position on the ground and placed him onto the back seat of a patrol car, again, in a
11  prone, face down position. Once in the patrol car, Mr. Parker continued struggling to breathe,
12  kicking desperately to survive this encounter with Defendant, KRISTY IRWIN and other still
13  unidentified members of defendant, SAN BERNARDINO COUNTY SHERIFF'S
14  DEPARTMENT.

15        23.    No immediate calls for medical assistance were made by Defendant, KRISTY
16  IRWIN or any of the other still unidentified members of defendant, SAN BERNARDINO
17  COUNTY SHERIFF'S DEPARTMENT present at the scene, and in fact, any and all such calls
18  were unreasonably delayed. Paramedics finally arrived on scene some 20-25 minutes later at
19  which time Mr. Parker was found "hog-tied," lying face down in the back of the patrol car as
20  positioned by Defendant, KRISTY IRWIN and other still unidentified members of defendant,
21  SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT in distress with an altered level of
22  consciousness.

23        24.    At all time of the described events, the temperature in the Victorville area where
24  the described events occurred was approaching, at, or slightly greater than 100 degrees
25  fahrenheit.

26  / / /
27  / / /
28  / / /

Complaint and Demand for Jury

25.     Mr. Parker was removed from the rear of the patrol car by paramedics and placed in a supine, face-up position on a gurney, assessed and then transported to Victor Valley Global Medical Center where, upon arrival, he was found to be wholly unresponsive and in cardiac arrest.  Advanced cardiac life support measures were instituted, all to no avail.  Mr. Parker was pronounced dead shortly thereafter.

26.     Based upon information and belief, Mr. Parker died as a result of positional asphyxiation at the hands of Defendant, KRISTY IRWIN and other still unidentified members of defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT.

## FIRST CAUSE OF ACTION

## (WRONGFUL DEATH BASED UPON VIOLATION OF CIVIL RIGHTS - USE OF

## EXCESSIVE FORCE - 42 USC § 1983)

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER against Defendants, KRISTY IRWIN, and DOES 1 through 25)**

27.     Plaintiffs reallege and incorporate by reference each of paragraphs 1 through 26, above, as though fully set forth herein.

28.     Plaintiffs allege and maintain that Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, used excessive force in subduing their decedent, Dante Parker, both by tasing him repeatedly, excessively and simultaneously with one another, which contemporaneous actions had the effect of applying a dangerous and deadly amount of electrical charges to his person, both in violation of manufacturer guidelines, specifications and recommendations, and, as detailed more fully below, in violation of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT's own established policies and procedures concerning use of departmentally issued taser devises.

/ / /

/ / /

/ / /

29.     Plaintiffs further allege and maintain that Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, used excessive force in subduing their decedent, Dante Parker, by "hog-tying" him and then positioning him in a prone, face down position, initially on the ground where he collapsed from being tasered excessively and then again when placed onto the rear seat of the patrol car, where he remained for an extended period of time until paramedics arrived and removed him therefrom.

30.     Plaintiffs further allege that the excessive use of force employed by Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, upon their decedent, Dante Parker, was a substantial factor in causing his untimely death.

31.     As a direct and legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs were harmed by and as a result of the death of their decedent, Dante Parker, who, at all times relevant, was and remained in the care, custody and control of said Defendants.

32.     As a further direct, legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs have suffered economic wrongful death damages including loss of financial support from their decedent and reasonable funeral and burial expenses as well as wrongful death non-economic damages arising from the loss of decedent's love, companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damage in a sum according to proof at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

8

Complaint and Demand for Jury

## SECOND CAUSE OF ACTION

### (WRONGFUL DEATH BASED UPON VIOLATION OF CIVIL RIGHTS - VIOLATION

### OF ESTABLISHED POLICIES AND PROCEDURES - 42 USC § 1983)

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER,
a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA
PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their
Guardian ad Litem, BIANCA PARKER against Defendants, KRISTY IRWIN,
and DOES 1 through 25)**

33.     Plaintiffs reallege and incorporate by reference each of paragraphs 1 through 32, above, as though fully set forth herein.

34.     At all times relevant, Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT maintained establish policies and procedures governing the use of force by its members including, but not limited to, Defendant, KRISTY IRWIN and DOES 1 through 25, and each of them.

35.     Based upon information and belief, Plaintiffs allege that at all times relevant, the established policies and procedures of the Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT governing use of force strictly limited the frequency with which Department members could use their taser devises to apply electrical charges to subdue an individual.

36.     Based upon information and belief, Plaintiffs allege that at all times relevant, the established policies and procedures of the Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT governing use of force strictly prohibited Department members from using their taser devises simultaneously and in concert with others to concurrently apply electrical charges to subdue an individual.

37.     Based upon information and belief, Plaintiffs allege that at all times relevant, the established policies and procedures of the Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT governing use of force strictly prohibited Department members from "hog-tying" suspects and/or placing, maintaining and keeping "hog-tied" suspects in a prone, face-down position due to the risk of positional asphyxiation.

///

38.     Plaintiffs allege and maintain that Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, used excessive force in subduing their decedent, Dante Parker, both by tasing him repeatedly, excessively and simultaneously and in concert with one another, which actions, in violation of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT's established policies and procedures, Plaintiffs maintain were a substantial factor in causing their decedent's death.

39.     Plaintiffs allege and maintain that Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, used excessive force in subduing their decedent, Dante Parker, both by "hog-tying" him and then placing, keeping and maintaining him in a prone, face-down position for extended periods of time, as alleged above, which actions, in violation of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT's established policies and procedures, Plaintiffs maintain were a substantial factor in causing their decedent's death.

40.     As a direct and legal and proximate result of the actions of Defendants, KRISTY IRWIN and DOES 1 through 25, and each of them, in violating Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT's established policies and procedures concerning use of force, Plaintiffs were harmed by and as a result of the death of their decedent, Dante Parker, who, at all times relevant, was and remained in the care, custody and control of said Defendants.

41.     As a further direct, legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs have suffered economic wrongful death damages including loss of financial support from their decedent and reasonable funeral and burial expenses as well as wrongful death non-economic damages arising from the loss of decedent's love, companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damage in a sum according to proof at trial.

/ / /

/ / /

## THIRD CAUSE OF ACTION

## (WRONGFUL DEATH BASED UPON VIOLATION OF CIVIL RIGHTS BY DENIAL

## OF MEDICAL CARE - 42 USC §1983)

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER against Defendants, KRISTY IRWIN, and DOES 1 through 25)**

42.     Plaintiffs reallege and incorporate by reference each of paragraphs 1 through 41, above, as though fully set forth herein.

43.     Plaintiffs allege and maintain that as a result of being repeatedly and excessively tasered and then "hog-tied" and maintained in a prone, face-down position for an extensive period of time by Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, their decedent, Dante Parker, required immediate life saving medical care and treatment.

44.     Despite his need for immediate life saving medical care and treatment as a result of being repeatedly and excessively tasered and then "hog-tied" and maintained in a prone, face-down position for an extensive period of time, Plaintiffs allege and maintain that Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, failed to timely summon medical personnel to the scene of the subject incident to tend to their decedent.

45.     Plaintiffs further maintain and allege that Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, knew that in depriving their decedent the medical attention, care and treatment he required by failing to timely summon medical personnel to the scene of the subject incident, there was a substantial risk he would suffer further injury and/or death, yet said Defendant, KRISTY IRWIN and the other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, failed to take reasonable measures to prevent such an outcome and/or result.

///

Complaint and Demand for Jury

46.     Plaintiffs further maintain and allege that Defendant, KRISTY IRWIN and the other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, acted or purported to act within the scope of their official duties and responsibilities in intentionally, recklessly and/or negligently failed to timely summon medical personnel to the scene of the subject incident to provide their decedent the life saving medical care and treatment he required.

47.     Plaintiffs further allege that the failure of Defendants, KRISTY IRWIN and the other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, in failing to timely summon medical personnel to the scene of the subject incident to tend to their decedent, Dante Parker, was a substantial factor in causing his untimely death.

48.     As a direct and legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs were harmed by and as a result of the death of their decedent, Dante Parker, who, at all times relevant, was and remained in the care, custody and control of said Defendants.

49.     As a further direct, legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs have suffered economic wrongful death damages including loss of financial support from their decedent and reasonable funeral and burial expenses as well as wrongful death non-economic damages arising from the loss of decedent's love, companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damage in a sum according to proof at trial.

/ / /
/ / /
/ / /
/ / /
/ / /

## FOURTH CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS - FAILURE TO INTERVENE

### PURSUANT TO *JONES V. WILLIAMS* (9ᵗʰ Cir. 2002) 297 F.3d 930. )

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER against Defendants, KRISTY IRWIN, and DOES 1 through 25)**

50.     Plaintiffs reallege and incorporate by reference each of paragraphs 1 through 49, above, as though fully set forth herein.

51.     Plaintiffs allege and maintain that the violation of their decedent, Dante Parker's constitutional and civil rights at the scene of the subject incident as alleged and described above, occurred in the presence of Defendant, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO SHERIFF'S DEPARTMENT, including supervisory and non-supervisory personnel alike, and that pursuant to *Jones v. Williams* (9ᵗʰ Cir. 2002) 297 F.3d 930, each, as a peace officer, had a duty and responsibility to their decedent to intervene so as to prevent the continued violation of his rights. Plaintiffs maintain however, that in contravention to established law, Defendant, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO SHERIFF'S DEPARTMENT, and each of them, stood by, watched, actively participated in, and otherwise condoned and ratified the actions of the others involved in the continued violation of their decedent's constitutional and civil rights in violation of *Jones v. Williams* (9ᵗʰ Cir. 2002) 297 F.3d 930.

52.     Plaintiffs further allege and maintain that the failure of Defendant, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO SHERIFF'S DEPARTMENT, including supervisory and non-supervisory personnel alike, and each of them, to intervene as their decedent's constitutional and civil rights were being violated was a substantial factor in causing his untimely death.

///

///

///

13

Complaint and Demand for Jury

53.    As a direct and legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs were harmed by and as a result of the death of their decedent, Dante Parker, who, at all times relevant, was and remained in the care, custody and control of said Defendants.

54.    As a further direct, legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs have suffered economic wrongful death damages including loss of financial support from their decedent and reasonable funeral and burial expenses as well as wrongful death non-economic damages arising from the loss of decedent's love, companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damage in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS - SUPERVISORY LIABILITY PURSUANT

### TO *WEAVER v. STATE OF CALIFORNIA (1998) 63 Cal.App.4th 188* )

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER against Defendants, DOES 21 through 35)**

55.    Plaintiffs reallege and incorporate by reference each of paragraphs 1 through 54, above, as though fully set forth herein.

56.    Plaintiffs allege and maintain that at all times relevant, Defendants, and DOES 21 through 35, were, at all times relevant, peace officers and supervisors within the hierarchy and chain of command of the Defendants, COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT.

57.    Plaintiffs further allege and maintain that Defendants, DOES 21 through 35, knew, or in the exercise of reasonable diligence should have known, that the actions and methodologies employed by their subordinates, Defendants, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO SHERIFF'S DEPARTMENT, including DOES 1 to 25, and each of them, in subduing and then detaining Plaintiffs' decedent, Dante

14

1   Parker was wrongful conduct and otherwise constituted a violation of his constitutional and civil

2   rights.

3         58.     In observing, authorizing, learning of, ratifying and condoning the actions of

4   Defendants, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO

5   SHERIFF'S DEPARTMENT, including DOES 1 to 25, and each of them, defendants, DOES 21

6   through 35, evinced a deliberate indifference and conscious disregard to Plaintiffs' decedent,

7   Dante Parker's constitutional and civil rights, and whose behavior and inaction was a substantial

8   factor is causing his untimely death.

9         59.     As a direct and legal and proximate result of the actions of Defendants, DOES 21

10   to 35, and each of them, Plaintiffs were harmed by and as a result of the death of their decedent,

11   Dante Parker, who, at all times relevant, was and remained in the care, custody and control of

12   said Defendants and/or their subordinates.

13         60.     As a further direct, legal and proximate result of the actions of Defendants, DOES

14   21 to 35, and each of them, Plaintiffs have suffered economic wrongful death damages including

15   loss of financial support from their decedent and reasonable funeral and burial expenses as well

16   as wrongful death non-economic damages arising from the loss of decedent's love,

17   companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damage in

18   a sum according to proof at trial.

19                 **SIXTH CAUSE OF ACTION**

20       **VIOLATION OF CIVIL RIGHTS - MUNICIPAL LIABILITY PURSUANT**

21      **TO *MONELL v. NEW YORK CITY DEPT. OF SOC. SVCS.* (1978) 436 U.S. 658.**

22         **(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER,**
    **a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA**

23       **PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their**
    **Guardian ad Litem, BIANCA PARKER against Defendants, COUNTY OF SAN**

24      **BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
      **JOHN MCMAHON and DOES 36 through 45, Inclusive)**

25

26         61.     Plaintiffs reallege and incorporate by reference each of Paragraphs 1 through 26,
    above, as though fully set forth herein.

27   /// 

28

Complaint and Demand for Jury

62.     Plaintiffs are informed and believe and thereon allege that their decedent, Dante Parker, was deprived of his civil rights as a result of an official policy, practice, custom and/or procedure of Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, that authorizes its employees' and members' use of excessive force in subduing individuals, suspects and citizens.

63.     Plaintiffs further allege and maintain that this official policy, practice, custom and/or procedure of Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, led to their decedent, Dante Parker being tasered repeatedly, excessively and simultaneously by multiple members of the SAN BERNARDINO SHERIFF'S DEPARTMENT including, but not limited to, Defendant, KRISTY IRWIN and DOES 1 through 25, over a prolonged period of time which Plaintiffs maintain was a substantial factor in causing their decedent's death.

64.     Plaintiffs further allege and maintain that defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45 and each of them, knew that their official policy, practice, custom and/or procedure authorizing the use of excessive force by their employees and members in subduing individuals, suspects and citizens created a substantial risk that their decedent, Dante Parker he would suffer injury and/or death, yet said Defendants failed to take reasonable measures to prevent such an outcome and/or result.

65.     Plaintiffs further allege and maintain that the referenced official policy, practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, resulted in a deprivation of their decedent's civil rights which deprivation was a substantial factor in causing and/or contributing to their decedent's death.

/ / /

/ / /

66.     As a direct and legal and proximate result of the referenced official policy, practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, Plaintiffs' decedent, Dante Parker died while in Defendants' care, custody and control.

67.     As a further direct, legal and proximate result of the referenced official policy, practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 to 45, and each of them, Plaintiffs have suffered economic wrongful death damages including loss of financial support from their decedent and reasonable funeral and burial expenses as well as wrongful death non-economic damages arising from the loss of decedent's love, companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damages in a sum according to proof at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS - MUNICIPAL LIABILITY PURSUANT

## TO *MONELL v. NEW YORK CITY DEPT. OF SOC. SVCS.* (1978) 436 U.S. 658.

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER against Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, Inclusive)**

68.     Plaintiffs reallege and incorporate by reference each of Paragraphs 1 through 26, above, as though fully set forth herein.

69.     Plaintiffs are informed and believe and thereon allege that their decedent, Dante Parker, was deprived of his civil rights as a result of an official policy, practice, custom and/or procedure of Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, that authorizes its employees' and members' use of excessive force in subduing individuals, suspects and citizens.

17

Complaint and Demand for Jury

70.     Plaintiffs further allege and maintain that this official policy, practice, custom and/or procedure of Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, led to their decedent, Dante Parker being "hog-tied" and maintained in a prone, face-down position for an extensive period of time by Defendant, KRISTY IRWIN and other still unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, which Plaintiffs maintain was a substantial factor in causing their decedent's death.

71.     Plaintiffs further allege and maintain that defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45 and each of them, knew that their official policy, practice, custom and/or procedure authorizing the use of excessive force by their employees and members in subduing individuals, suspects and citizens created a substantial risk that their decedent, Dante Parker he would suffer injury and/or death, yet said Defendants failed to take reasonable measures to prevent such an outcome and/or result.

72.     Plaintiffs further allege and maintain that the referenced official policy, practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, resulted in a deprivation of their decedent's civil rights which deprivation was a substantial factor in causing and/or contributing to their decedent's death.

73.     As a direct and legal and proximate result of the referenced official policy, practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, Plaintiffs' decedent, Dante Parker died while in their care, custody and control.

/ / /

/ / /

/ / /

18

Complaint and Demand for Jury

74.   As a further direct, legal and proximate result of the referenced official policy, practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 to 45, and each of them, Plaintiffs have suffered economic wrongful death damages including loss of financial support from their decedent and reasonable funeral and burial expenses as well as wrongful death non-economic damages arising from the loss of decedent's love, companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damages in a sum according to proof at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS - MUNICIPAL LIABILITY PURSUANT

## TO *MONELL v. NEW YORK CITY DEPT. OF SOC. SVCS.* (1978) 436 U.S. 658.

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER against Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, Inclusive)**

75.   Plaintiffs reallege and incorporate by reference each of Paragraphs 1 through 26, above, as though fully set forth herein.

76.   Plaintiffs are informed and believe and thereon allege that their decedent, Dante Parker, was deprived of his civil rights as a result of an official policy, practice, custom and/or procedure of Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, that authorizes its employees' and members' to delay the summoning of medical personnel to provide care and treatment to individuals, suspects and citizens who have been tasered by them.

77.   Plaintiffs further allege and maintain that this official policy, practice, custom and/or procedure of Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 through 45, and each of them, led to their decedent, Dante Parker being denied immediate medical attention, care and treatment after being tasered repeatedly, excessively and simultaneously by multiple employees and members of Defendants and after being "hog-tied" and maintained in a prone,

19

1   face-down position for an extensive period of time by Defendant, KRISTY IRWIN and other still

2   unidentified members of Defendant, SAN BERNARDINO COUNTY SHERIFF'S

3   DEPARTMENT, and each of them, which Plaintiffs maintain was a substantial factor in causing

4   their decedent's death.

5        78.    Plaintiffs further allege and maintain that defendants, COUNTY OF SAN

6   BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN

7   MCMAHON and DOES 36 through 45 and each of them, knew that their official policy,

8   practice, custom and/or procedure authorizing the delay in the summoning of medical personnel

9   to provide care and treatment to individuals, suspects and citizens who have been tasered by their

10  employees and members created a substantial risk that their decedent, Dante Parker he would

11  suffer injury and/or death, yet said Defendants failed to take reasonable measures to prevent such

12  an outcome and/or result.

13       79.    Plaintiffs further allege and maintain that the referenced official policy, practice,

14  custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN

15  BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36

16  through 45, and each of them, resulted in a deprivation of their decedent's civil rights which

17  deprivation was a substantial factor in causing and/or contributing to their decedent's death.

18       80.    As a direct and legal and proximate result of the referenced official policy,

19  practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN

20  BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36

21  through 45, and each of them, Plaintiffs' decedent, Dante Parker died while in their care, custody

22  and control.

23       81.    As a further direct, legal and proximate result of the referenced official policy,

24  practice, custom and/or procedure of defendants, COUNTY OF SAN BERNARDINO, SAN

25  BERNARDINO SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 36 to 45, and

26  each of them, Plaintiffs have suffered economic wrongful death damages including loss of

27  financial support from their decedent and reasonable funeral and burial expenses as well as

28  wrongful death non-economic damages arising from the loss of decedent's love, companionship,

1    comfort, affection, society, solace and moral support, all to Plaintiffs' damages in a sum

2    according to proof at trial.

3                                    **NINTH CAUSE OF ACTION**

4    **(MUNICIPAL LIABILITY PURSUANT TO *MONELL v. NEW YORK CITY DEPT. OF***

5                            ***SOC. SVCS.* (1978) 436 U.S. 658)**

6       **(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER,
        a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA**

7       **PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their
        Guardian ad Litem, BIANCA PARKER against Defendants, COUNTY OF SAN**

8       **BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,
        JOHN MCMAHON, and DOES 46 through 50, Inclusive)**

9        82.     Plaintiffs reallege and incorporate by reference each of Paragraphs 1 through 81,

10   above, as though fully set forth herein.

11       83.     In undertaking and engaging in the conduct and adopting and implementing the

12   policies complained of hereinabove, both willfully and intentionally, in conscious disregard, and

13   with willful indifference to, the rights and safety of Plaintiffs' decedent, Dante Parker,

14   Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S

15   DEPARTMENT, JOHN MCMAHON and DOES 46 through 50, and each of them, further

16   violated the civil rights of Plaintiffs' decedent by adopting a policy, custom, and practice of

17   inflicting cruel and unusual punishment upon individuals, suspects and citizens, by encouraging,

18   authorizing and ratifying the use of unlawful and excessive force by their employee and

19   subordinate peace officers.

20       84.     Plaintiffs are informed and believe and thereon allege that Defendants, JOHN

21   MCMAHON, and DOES 46 through 50, and each of them, personally and individually

22   participated in, and/or directed, and/or instructed their employee and subordinate peace officers

23   to take such action, against individuals, suspects and citizens, including Plaintiffs' decedent,

24   Dante Parker, in furtherance of and in conformity with, said aforementioned policy, custom and

25   practice.

26   ///

27   ///

28   ///

                                                    21
                                    Complaint and Demand for Jury

85.     As a direct and legal result Defendants' infliction of cruel and unusual punishment upon Plaintiffs' decedent, Dante Parker as alleged hereinabove, Mr. Parker suffered extreme and excruciating pain and discomfort and thereafter dying a preventable death while in the Defendants' custody.

86.     Defendants, COUNTY OF SAN BERNARDINO's, SAN BERNARDINO SHERIFF'S DEPARTMENT's, JOHN MCMAHON's and DOES 46 to 50's infliction of cruel and unusual punishment upon Plaintiffs' decedent, Dante Parker as alleged hereinabove, was a substantial factor in bringing about his death.

87.     As a direct and legal and proximate result of the actions of Defendants, COUNTY OF SAN BERNARDINO's, SAN BERNARDINO SHERIFF'S DEPARTMENT's, JOHN MCMAHON's and DOES 46 to 50's infliction of cruel and unusual punishment upon Plaintiffs' decedent, Dante Parker, Plaintiffs were harmed by and as a result of the death of their decedent who, at all times relevant, was and remained in the custody, care and control of said Defendants.

88.     As a further direct, legal and proximate result of the actions of Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO SHERIFF'S DEPARTMENT, JOHN MCMAHON and DOES 46 to 50, and each of them, Plaintiffs have suffered economic wrongful death damages including loss of financial support from their decedent and reasonable funeral and burial expenses as well as wrongful death non-economic damages arising from the loss of decedent's love, companionship, comfort, affection, society, solace and moral support, all to Plaintiffs' damages in a sum according to proof at trial.

## TENTH CAUSE OF ACTION

## SURVIVAL BASED UPON VIOLATION OF CIVIL RIGHTS – 42 USC §1983

**(By Plaintiffs, BIANCA PARKER, Individually, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER against Defendants, KRISTY IRWIN and DOES 1 through 50, Inclusive)**

89.     Plaintiffs reallege and incorporate by reference each of Paragraphs 1 through 60, above, as though fully set forth herein.

///

Complaint and Demand for Jury

90. As a result and consequence of the actions of Defendants, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, as described herein, Plaintiffs' decedent, Dante Parker suffered significant pre-death pain and suffering.

91. Plaintiffs maintain and allege that in depriving their decedent of his constitutional and civil rights as described herein, most significantly, though the use of excessive, prolonged and simultaneous tasing, 'hog-tying" him and leaving him prone, face-down for extended periods of time, and delaying the medical attention, care and treatment he required, Defendants, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, subjected their decedent to the unnecessary and pointless infliction of pain.

92. As a direct and legal and proximate result of the actions of Defendants, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, Plaintiffs seek non-economic damages stemming fom the pain and suffering their decedent, Dante Parker endured prior to death pursuant to *Chaudhry v. City of Los Angeles, et al.* (2014) 751 F3d 1096, in a sum according to proof at trial. Plaintiffs further seek economic damages for the medical expenses incurred by their decedent, Dante Parker prior to death.

93. In undertaking the actions complained of herein, Plaintiffs are informed and believe and thereon alleged that the individual, non-municipal Defendants named and unnamed herein, including, but not limited to, Defendants, JOHN MCMAHON, KRISTY IRWIN and other still unidentified members of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and each of them, acted with the intent to injure Plaintiffs' decedent, Dante Parker, and/or intentionally expose him to the risk of death and/or serious injury in conscious disregard for the rights and safety of their decedent, as a direct and legal result of which an award of punitive and exemplary damages is properly awarded to Plaintiffs' decedent's estate to punish and deter such conduct in the future.

///

Complaint and Demand for Jury

94.     In bringing this action, and upon all causes of action stated herein, Plaintiffs have incurred and are entitled to recover their reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs, BIANCA PARKER, Individually, and as Personal Representative of the Estate of Dante Parker, deceased, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor, TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a minor, by and through their Guardian ad Litem, BIANCA PARKER, pray for judgment against Defendants, and each of them, as follows:

As to Plaintiffs' First through Ninth Causes of Action:

1.     For special, economic damages for loss of future probable financial and economic support and funeral and burial expenses according to proof;

2.     For general, non-economic damages for loss of love, companionship, comfort, affection, society, solace and moral support;

3.     For attorneys fees pursuant to 42 USC §1988;

4.     For costs of suit herein and for whatever other and additional relief the Court deems just and proper.

As to Plaintiffs' Tenth Cause of Action:

1.     For general, non-economic damages for Plaintiffs' decedent's pre-death pain and suffering;

2.     For special, economic damages for past medical expenses;

3.     For punitive and exemplary damages;

4.     For attorneys fees pursuant to 42 USC §1988; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

24

Complaint and Demand for Jury

1    5.    For costs of suit herein and for whatever other and additional relief the Court

2    deems just and proper.

3    Dated: January 27, 2015                                 EISENBERG LAW FIRM, APC

4

5                                                            By:
6                                                                  MARK W. EISENBERG
                                                             Attorneys for Plaintiffs, BIANCA PARKER,
7                                                            Individually, and as Personal Representative of the
                                                             Estate of Dante Parker, deceased, DANTAZHA
8                                                            PARKER, a minor, BRITTANY PARKER, a
                                                             minor, TIERRA PARKER, a minor, DEANNA
9                                                            PARKER, a minor, and DANTE PARKER, JR., a
                                                             minor, by and through their Guardian ad Litem,
10                                                           BIANCA PARKER

11

12                            **DEMAND FOR JURY**

13         Plaintiffs, BIANCA PARKER, Individually, and as Personal Representative of the Estate

14   of Dante Parker, deceased, DANTAZHA PARKER, a minor, BRITTANY PARKER, a minor,

15   TIERRA PARKER, a minor, DEANNA PARKER, a minor, and DANTE PARKER, JR., a

16   minor, by and through their Guardian ad Litem, BIANCA PARKER, hereby demand a trial by

17   jury.

18   Dated: January 27, 2015                                 EISENBERG LAW FIRM, APC

19

20                                                           By:
21                                                                 MARK W. EISENBERG
                                                             Attorneys for Plaintiffs, BIANCA PARKER,
22                                                           Individually, and as Personal Representative of the
                                                             Estate of Dante Parker, deceased, DANTAZHA
23                                                           PARKER, a minor, BRITTANY PARKER, a
                                                             minor, TIERRA PARKER, a minor, DEANNA
24                                                           PARKER, a minor, and DANTE PARKER, JR., a
                                                             minor, by and through their Guardian ad Litem,
25                                                           BIANCA PARKER

26

27

28

                                          25
                          Complaint and Demand for Jury